# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
for
the District of Nevada

## PETITION FOR SUMMONS
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Virlee Osborne**

Case Number: **2:17CR00211**

Name of Sentencing Judicial Officer: **Honorable Andrew P. Gordon**

Date of Original Sentence: **March 21, 2019**

Original Offense: **Possession of a Stolen Firearm**

Original Sentence: **54 Months prison, followed by 36 Months TSR.**

Date Supervision Commenced: **March 25, 2022**

Name of Assigned Judicial Officer: **Honorable Andrew P. Gordon**

## PETITIONING THE COURT

☒ To issue a summons:

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Unlawfully Use Controlled Substance** - You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

   Osborne submitted positive drug tests on the following dates:

   June 14, 2022 (THC and methamphetamine)
   June 25, 2022 (THC)
   October 3, 2022 (THC)
   January 31, 2023 (THC)
   February 17, 2023 (THC and methamphetamine)

RE: Virlee Osborne

2. **Drug Testing** – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must not attempt to obstruct or tamper with the testing methods.

    A. On February 16, 2023, Osborne used a subterfuge device at the drug testing facility.
    B. Osborne failed to report for drug testing on the following dates:

    November 12, 2022
    November 16, 2022
    November 26, 2022
    November 28, 2022
    December 1, 2022
    December 9, 2022
    December 13, 2022
    December 19, 2022
    January 7, 2023
    January 18, 2023
    January 20, 2023
    February 1, 2023
    February 9, 2023

3. **Residential Reentry Center** – You must reside in a residential reentry center for a term of 180 days. You must follow the rules and regulations of the center.

    A. On April 4, 2022, Osborne failed to return to the RRC facility at his approved time of 7:00 p.m. He returned at approximately 8:58 p.m. making him unaccountable in the community for nearly two hours. Upon his return he refused to submit to a breathalyzer test twice.
    B. On May 11, 2022, Osborne was removed from the RRC and labeled a program failure after a verbal altercation occurred with staff.

RE: **Virlee Osborne**

Prob12C
D/NV Form
Rev. March 2017

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

⊠ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **February 17, 2023**

Digitally signed by Matthew Martinez
Date: 2023.02.24 09:25:25 -08'00'

Matthew S. Martinez
United States Probation Officer

Approved:

Digitally signed by Brian Blevin
Date: 2023.02.22 11:41:33 -08'00'

Brian Blevins
Supervisory United States Probation Officer

RE: Virlee Osborne

Prob12C
D/NV Form
Rev. March 2017

## THE COURT ORDERS

- ☐ No Action.
- ☐ The issuance of a warrant.
- ☑ The issuance of a summons.
- ☐ Other:

_____
Signature of Judicial Officer

February 24, 2023
Date

RE: Virlee Osborne

Prob12C
D/NV Form
Rev. March 2017

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**
**UNITED STATES V. VIRLEE OSBORNE, 2:17CR00211**

**SUMMARY IN SUPPORT OF PETITION FOR SUMMONS**
**February 17, 2023**

By way of case history, Osborne was sentenced to 54 months custody followed by three (3) years supervised release for committing the offense of Possession of Stolen Firearm. On March 25, 2022, Osborne commenced his term of supervision and was placed at the Residential Re-entry Center (RRC).

On April 4, 2022, Osborne received an incident report at the RRC for failing to return on time and for refusing to provide a breathalyzer test. It was reported Osborne was scheduled to return to the facility at 7:00 p.m. and did not return until 8:58 p.m. Upon his return, he was asked to submit to a breathalyzer test at 9:05 p.m. and again at 9:20 p.m.; he refused.

On April 5, 2022, RRC Director Montes contacted the undersigned officer and reported the incident. Additionally, he relayed their intent to program fail Osborne and discharge him from the facility. After some discussion, Director Montes agreed to provide our office with some time to conclude our investigation for potential placement with Osborne's brother. The undersigned officer conversed with Osborne who disclosed frustration with transitioning back into the community and not having an understanding of the correct bus routes to take. As far as the breathalyzer test, Osborne reported refusing due to his frustration when confronted by staff for returning late.

On April 6, 2022, Director Montes reported they had a meeting with Osborne and have agreed to give him another chance to succeed at the facility. Osborne shared his struggles with transitioning back into the community and sought assistance with employment and mental health counseling.

On May 11, 2022, Osborne was involved in a verbal altercation with an RRC staff member. Osborne called 911 and reported he was battered by RRC staff; LVMPD officers responded. LVMPD noted video footage showed the RRC staff member trying to get by a group of individuals, which Osborne was a part of, to turn off the lights in the unit; the group did not move. The staff member walked through the group potentially making contact with Osborne to turn the lights off and a verbal argument ensued. No arrest or citation took place; however, Osborne was discharged from the program. Osborne was subsequently placed at his brother's residence as planned.

As referenced in the allegations above, Osborne has submitted sporadic positive drug tests for THC and methamphetamine throughout the first year of supervision. Additionally, he recently missed thirteen scheduled drug tests. Of most concern is Osborne was observed using a subterfuge device at the drug testing facility.

**RE: Virlee Osborne**

Prob12C
D/NV Form
Rev. March 2017

Osborne has now reached a point where revocation is mandatory per 18 U.S.C. § 3583 (g)(4). Therefore, it is respectfully requested a Summons be issued to initiate revocation proceedings and bring Osborne before Your Honor to show cause as to why supervision should not be revoked.

Respectfully submitted,

Digitally signed by Matthew Martinez
Date: 2023.02.24 09:27:07 -08'00'

Matthew S. Martinez
United States Probation Officer

Approved:

Digitally signed by Brian Blevin
Date: 2023.02.22 11:41:53 -08'00'

Brian Blevins
Supervisory United States Probation Officer