# FILED
## UNDER
# SEAL

Prob12C
D/NV Form
Rev. June 2014

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER RELEASED ON BOND

Name of Offender: **Virlee Osborne**

Case Number: **2:17CR00211**

Name of Sentencing Judicial Officer: **Honorable Andrew P. Gordon**

Date of Original Sentence: **March 21, 2019**

Original Offense: **Felon in Possession of a Firearm**

Original Sentence: **54 Months prison, followed by 36 Months TSR.**

Date of First Prior Revocation: **June 21, 2023**

First Revocation Sentence: **3 months custody; 36 months TSR**

Date of Second Revocation: **November 1, 2023**

Second Revocation Sentence: **Time served; 26 months TSR**

Date Supervision Commenced: **June 21, 2021**

Name of Assigned Judicial Officer: **Honorable Andrew P. Gordon**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision: Bond

1. **Home Detention without Location Monitoring (Bond Condition)** - You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer (Home Detention).

RE: Virlee Osborne

Prob12C
D/NV Form
Rev. June 2014

    A. On February 27, 2024, Osborne had law enforcement contact at the location of 101 E. Bonneville at approximately 11:30 pm. Osborne did not have permission to leave his residence nor was he attending any of the exceptions listed above.

    B. On February 28, 2024, Osborne was not at his residence when the undersigned conducted a home contact. Osborne did not have permission to leave nor was he attending any of the above listed exceptions.

    C. On March 6, 2024, O Osborne was not at his residence when the undersigned conducted a home contact. Osborne did not have permission to leave nor was he attending any of the above listed exceptions.

2. **Substance Abuse Treatment (Special Condition)** – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

    A. On February 27, 2024, Osborne failed to attend substance abuse treatment as instructed.

    B. On February 28, 2024, Osborne failed to attend substance abuse treatment as instructed.

    C. On February 29, 2024, Osborne failed to attend substance abuse treatment as instructed.

    D. On March 5, 2024, Osborne failed to attend substance abuse treatment as instructed.

3. **Drug Testing (Special Condition)** –The defendant is ordered to test for the use of drugs every Wednesday and Saturday.

    A. On February 24, 2024, Osborne failed to report to drug testing as instructed.

    B. On February 28, 2024, Osborne failed to report to drug testing as instructed.

    C. On March 1, 2024, Osborne failed to report to drug testing as instructed.

RE: Virlee Osborne

Prob12C
D/NV Form
Rev. June 2014

4. **Report Police Contact Within 72 Hours** - If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

   A. On February 28, 2024, Osborne has law enforcement contact that he failed to report to the Probation Officer as instructed.

   B. On February 29, 2024, Osborne has law enforcement contact that he failed to report to the Probation Officer as instructed.

   C. On March 1, 2024, Osborne has law enforcement contact that he failed to report to the Probation Officer as instructed.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

   ☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **February 29, 2024**

Digitally signed by Deleyna Joseph
Date: 2024.03.06 09:35:58 -08'00'

Deleyna Joseph
United States Probation Officer

Approved:

Digitally signed by Brian Blevin
Date: 2024.03.06 09:33:51 -08'00'

Brian Blevins
Supervisory United States Probation Officer

**RE: Virlee Osborne**

Prob12C
D/NV Form
Rev. June 2014

## THE COURT ORDERS

☐   No Action.

☑   The issuance of a warrant.

☐   The issuance of a summons.

☐   Other:

_____
Signature of Judicial Officer

March 6, 2024
_____
Date

RE: Virlee Osborne

Prob12C
D/NV Form
Rev. June 2014

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. VIRLEE OSBORNE,  2:17CR00211

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### February 29, 2024

On March 21, 2019, Your Honor sentenced Osborne to 54 months custody followed by 36-months of supervised release for committing the offense of Possession of a Stolen Firearm. Supervision commenced in the District of Nevada on March 25, 2022.

On June 21, 2023, Your Honor revoked Osborne's term of supervision and sentenced him to three (3) months custody followed by 29 months of supervised release. At that time, Osborne was found in violation of failing to refrain from using a controlled substance, failing to report to drug testing as instructed, and for not completing the Residential Reentry Center (RRC) requirements. Supervision commenced for his second term of supervised release on September 18, 2023.

On November 1, 2023, Your Honor revoked Osborne's second term of supervision and sentenced him to Time Served followed by 26 months of supervised release. At that time, Osborne was found in violation of failing to refrain from using a controlled substance and drug testing. Supervision for his third term of supervision commenced on November 1, 2023.

On February 14, 2024, a Petition for Revocation of Supervised Release was filed due to Osborne's continued noncompliance, specifically his continued use of controlled substances and violations of substance abuse treatment.  On February 20, 2024, Osborne appeared before the Honorable Magistrate Judge Weksler for his Initial Appearance. Osborne was ordered released and continued on the same conditions with the added conditions of home confinement without location monitoring equipment. Osborne was ordered not to leave his house unless attending treatment, drug testing, court related matters, or for employment.  Additionally, Osborne was ordered to reside with his brother, and he was ordered to submit to drug testing every Wednesday and Saturday. Magistrate Judge Weksler further admonished Osborne for his drug use and was very clear with her instructions that he must adhere to these added conditions.

Osborne failed to abide by these bond conditions of release.  Specifically, he failed to attend substance abuse treatment and drug testing as instructed on the above listed dates.  Additionally, he failed to abide by the home detention condition and reporting of law enforcement contact.  On February 28, 2024, at approximately 11:30 pm, Osborne had some sort of law enforcement contact at 101 E. Bonneville. The undersigned received an ATLAS hit that Osborne's identifiers were ran through NCIC by LVMPD. While the details are limited and the incident is still being investigated under LVMPD event number LLV240200100388, Osborne was continuing in his noncompliance by not being within his residence during this time frame and he failed to report this law enforcement contact. It should be noted that Osborne was scheduled for substance abuse treatment at 2:00pm that day which would have permitted him to leave his residence, but he did not attend his treatment appointment as instructed.  Furthermore, his allotted time out of his house was only for the duration of his substance abuse treatment appointment. Additionally, it

RE: Virlee Osborne

Prob12C
D/NV Form
Rev. June 2014

should also be noted that numerous attempts to contact Osborne via phone by both the undersigned and his treatment provider have been unsuccessful. Moreover, on February 29, 2024, an unsuccessful home contact was conducted at his ordered place of residence.

On February 29, 2024, Osborne had law enforcement contact that he again failed to report. Osborne was run through NCIC by LVMPD, which generated an ATLAS hit. In this incident, it was reported that Osborne was involved in a battery between an employee and him. The details of this are also limited and the undersigned is currently awaiting a police report for this event under case number LLV240200106650.

On March 1, 2024, Osborne again had law enforcement contact that he failed to report. Osborne was run through NCIC by LVMPD, which generated another ATLAS hit. In this incident, it was reported that Osborne was involved in a domestic violence situation with his ex-fiancé, Ladonna. The details of this are limited and the undersigned is currently awaiting a police report for this event under case number LLV240300000499. It should be noted that in both law enforcement contacts dated February 29, and March 1, 2024, Osborne did not have permission to leave his residence.

On March 6, 2024, another home contact was attempted at the ordered residence. Osborne was not home as required and as of this date all attempts to contact Osborne have been unsuccessful and his whereabouts are unknown.

Osborne was given the opportunity to remain in the community pending his revocation of supervised release and given additional conditions to ensure the safety of the community and risk of flight. Based upon these new allegations, it is respectfully requested that a Bond Warrant be issued, and he be detained pending his revocation.

Respectfully submitted,

Digitally signed by Deleyna Joseph
Date: 2024.03.06 09:36:25 -08'00'

Deleyna Joseph
United States Probation Officer

Approved:

Digitally signed by Brian Blevin
Date: 2024.03.06 09:34:12 -08'00'

Brian Blevins
Supervisory United States Probation Officer